# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14 CR 106

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RONALD SHANNON SOSEBEE. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on February 9, 2015. At that time, the Court presented the issue of whether or not Defendant should be detained pursuant to 18 U.S.C. § 3143(a)(2). This matter further came before the Court pursuant to an oral motion made by Fredilyn Sison, counsel for Defendant, requesting that Defendant continue to be released on terms and conditions of pretrial release pursuant to 18 U.S.C. § 3145(c). Defendant was present with his attorney, Ms. Sison and the government was present and represented through Assistant United States Attorney Thomas Kent. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On December 2, 2014 a bill of indictment was issued charging the Defendant with the offense of being within the special maritime and territorial

1

jurisdiction of the United States did knowingly engage in sexual contact with another person without that other person's permission, in violation of 18 U.S.C. § 2244(b). On February 9, 2015, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the Defendant to that offense. At the end of the Rule 11 proceeding, the Court presented the issue of whether or not the Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has now entered a plea of guilty to the offense of knowingly engaging in sexual contact with another person without that person's permission in violation of fined in 18 U.S.C. § 2244(b). That crime is one of the crimes that is referenced under 18

U.S.C. § 3142(f)(1)(A) in that it is considered to be a crime of violence as defined in 18 U.S.C. § 3156(a)(4)(C). The term "crime of violence" according to that statute means any felony under Chapter 109A which is the chapter which contains 18 U.S.C. § 2244(b). The undersigned notes it would appear that the maximum possible penalty for the Defendant is a term of imprisonment of not more than two years, a fine in an amount not to exceed $250,000, or both.

The undersigned made an inquiry of Assistant United States Attorney Thomas Kent as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Kent advised the undersigned that from his examination of the United States Sentencing Guidelines and the Defendant's criminal record, it was questionable whether or not the guidelines would provide for a sentence of confinement in prison for Defendant. However, Mr. Kent further stated he was not in a position to state there was going to be a recommendation that no sentence of imprisonment be imposed upon Defendant.

As a result of the plea of guilty of Defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. It would thus appear that the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of Defendant.

Defendant's counsel made an oral motion contending that exceptional

circumstances exist which would merit the continued release of Defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger instructed the undersigned to conduct the exceptional circumstances determination as set forth by the above referenced statute.

The definition of what constitutes exceptional circumstances is set forth in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In Vilaiphone Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute

exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In support of Defendant's motion, Ms. Sison proffered to the Court that Defendant had recently suffered a broken hand as a result of Defendant striking an object with his fist. Defendant's hand has become disfigured as a result of the broken bone in his hand. Defendant is scheduled for treatment which will consist of an operation whereby the bone in Defendant's hand will be rebroken and Defendant's hand will then be reset and then placed in a cast. Defendant has an appointment for this procedure to take place on February 17, 2015.

Ms. Sison further proffered that Defendant suffers from scoliosis. It is the

contention of Ms. Sison that Defendant needs further treatment for this condition in his back which will necessitate surgical intervention.

After the proffer of Ms. Sison, Mr. Kent advised the undersigned that the Government did not object to a finding that the circumstances presented in this matter are exceptional circumstances that merited the continued release of Defendant.

The Court finds that the conditions involving Defendant's hand and his back condition are "clearly out of the ordinary, uncommon, or rare." The undersigned has further considered as a part of the "exceptional circumstances" determination the fact there is a very real possibility that the United States Sentencing Guidelines would not indicate to the presiding judge that an active sentence of confinement in prison would be a fair and just sentence. Although the guidelines are advisory, courts are directed to consult the guidelines and take them into account in fashioning a fair and appropriate sentence. Considering the request of Defendant's counsel and further considering the fact that Mr. Kent, on behalf of the Government, is of the belief that "exceptional circumstances" have been found, the undersigned finds there are such exceptional circumstances as set forth above that exists in this case that merit the continued release of Defendant. The Court will grant the oral motion of Defendant and allow him to be released on terms and conditions of pretrial release. However, the additional period of release will be up

to and including February 25, 2015 to allow Defendant to make appropriate arrangements for his living circumstances such that he will not be residing in a home where firearms are located.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that Defendant's oral motion for continued release is hereby allowed and Defendant will be allowed to continue on terms and conditions of pretrial release up to and including February 25, 2015. The undersigned sets this matter on for further hearing concerning the release of Defendant on **February 25, 2015 at 9:45 a.m. in courtroom No. 3** of the United States Courthouse in Asheville, North Carolina to determine whether or not Defendant is continuing to reside in a home where firearms are located or available.

Signed: February 13, 2015

_____
Dennis L. Howell
United States Magistrate Judge