# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14 CR 106

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RONALD SHANNON SOSEBEE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#22) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney, the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

Defendant was charged in a bill of indictment filed on December 2, 2014 with the offense of engaging in sexual contact with another person without that person's

permission in violation of 18 U.S.C. § 2244(b). On February 9, 2015 the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of Defendant to that offense. At the Rule 11 proceeding the undersigned heard oral arguments from counsel for Defendant who contended that exceptional circumstances existed which would merit the continued release of Defendant, pursuant to 18 U.S.C. § 3145(c). The exceptional circumstances were that Defendant needed treatment for a broken hand and treatment for scoliosis. Defendant was thus allowed to continue on terms and conditions of pretrial release. Those terms and conditions including the following:

(1) The defendant must not violate any federal, state or local law while on release.

(3) Defendant must immediately advise the Court, defense counsel and the United States Attorney in writing for any change of address or telephone number.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(8)(r) Defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial service office or

> supervising officer considers it advisable.

On January 24, 2015, the supervising probation officer determined that Defendant had moved from his residence without prior permission. The probation officer further found that Defendant did not attend drug treatment appointments which he was instructed to attend on April 9, 2015 and May 15, 2015. On May 8, 2015, Defendant submitted to a drug screen which tested positive for methamphetamine. Defendant admitted he had used marijuana two weeks prior to May 8, 2015.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a

danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. Defendant possessed marijuana so he could consume that substance and he possessed methamphetamine so he could consume such substance. The possession of methamphetamine is a felony under federal law. 21 U.S.C. § 844 and is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant has committed a state felony and a federal felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant violated other conditions of release in that it has been shown that Defendant violated the term and condition of release that he immediately advise the Court, defense counsel and the United States Attorney in writing if there is any change in his address and telephone number, and he did not attend drug treatments as he had been directed to do. There is further evidence that shows that Defendant violated the condition of release that required that he refrain from unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner.

Marijuana and methamphetamine are drugs which are not prescribed by licensed medical practitioners.

Due to the findings made above and further considering the presumption that has been created and the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

The undersigned further finds that the exceptional circumstances that existed on February 9, 2015 at the time the undersigned allowed Defendant to continue on terms and conditions of pretrial release no longer exists. Defendant has received treatment for his broken hand and Defendant can receive any other further treatment that he needs for scoliosis through the United States Marshal.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and

it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: June 22, 2015

Dennis L. Howell
United States Magistrate Judge